**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 05-5239

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES N. BRADLEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City.  Lacy H. Thornburg,
District Judge.  (2:05-cr-00009)

———————

Submitted: November 21, 2006         Decided:  November 28, 2006

———————

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jennifer W. Moore, THE MOORE LAW FIRM, Asheville, North Carolina,
for Appellant.  Gretchen C. F. Shappert, United States Attorney,
Charlotte, North Carolina, Donald David Gast, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles N. Bradley appeals his forty-eight-month prison sentence after pleading guilty to engaging in a sexual act with a minor, in violation of 18 U.S.C. §§ 1153 and 2243(a) (2000). Bradley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), acknowledging the absence of any meritorious issues on appeal but noting that Bradley contends that he received ineffective assistance of counsel during the sentencing phase of his trial. Bradley has filed a pro se informal brief in which he again asserts ineffective assistance of counsel. Finding no reversible error, we affirm.

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record on its face does not conclusively demonstrate ineffective assistance of counsel, Bradley's claim is not cognizable on appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Bradley's conviction and sentence. This court

- 2 -

requires counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED